[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2006
THOMAS K. KAHN
CLERK

No. 05-14977
Non-Argument Calendar

_____

Agency No. A96-278-542

CARLOS JUAN FIERRO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 20, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Juan Carlos Fierro, through counsel, petitions for review of the decision by

the Board of Immigration Appeals ("BIA") affirming, without opinion, the removal order by the immigration judge ("IJ"). The BIA and IJ denied his claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. 1101 et seq., and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). On appeal, Fierro argues that he qualified for asylum and withholding of removal because he was persecuted on account of his imputed political opinion. Fierro contends that his refusal to respond to the extortion demands by the Revolutionary Armed Forces of Colombia ("FARC") caused the FARC to impute to him an anti-FARC opinion, and to persecute him through telephone and in-person threats. Fierro also argues that these threats by the FARC entitle him to relief under the CAT because the Colombian government was unwilling or unable to control the FARC.

When a single member of the BIA summarily affirms the IJ's decision without an opinion, such as here, the IJ's decision becomes the final removal order subject to review. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, we review it de novo. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence

2

test, and we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza*, 327 F.3d at 1287.

An alien who arrives in or is present in the United States may apply for asylum. *See* 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General may grant asylum if the alien meets the INA's definition of a "refugee." *See id.* § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

*Id.* § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *See Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution

3

on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *Al Najjar*, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or he will be *singled out* for persecution on account of" a statutorily listed factor. *Al Najjar*, 257 F.3d at 1287 (quotations omitted).

An asylum applicant must show more than merely having a political opinion; the applicant must show that he was persecuted because of that opinion. *INS v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). Thus, a showing by a petitioner that he was persecuted or tortured because he refused to cooperate with the FARC will not be enough to show political persecution. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (per curiam). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "[m]ere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (quotations omitted).

"An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Al Najjar*, 257 F.3d at 1289 (alterations and quotations

4

omitted). "An asylum applicant may prevail on a theory of imputed political opinion if he shows that the persecutor falsely attributed an opinion to him, and then persecuted him because of that mistaken belief about his views." *Id.* (quotations and alterations omitted).

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. Generally, if a petitioner is unable to meet the standard of proof for asylum, he is precluded from qualifying for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

An alien's testimony, if credible, may be sufficient to sustain the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a), 208.16(b). If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country. *Id.* §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground. *Id.* §§ 208.13(b)(2), 208.16(b)(2). To

5

establish a "well-founded fear," "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

Here, substantial evidence supports the IJ's denial of asylum and withholding of removal. Fierro described the persecution as a few threatening telephone calls, one face-to-face encounter, and the presence of a car bomb that was found in the area of two of his restaurants. Fierro failed to establish that the car bomb was in fact directed at his restaurants, much less directed at them because of his imputed political opinion. The threatening telephone calls and face-to-face encounter do not *compel* a finding that these incidents were more than isolated instances of harassment that rose to the level of persecution. *See Sepulveda*, 401 F.3d at 1231. Fierro also failed to establish that these threats were due to his imputed political opinion, because substantial evidence supports the finding that the FARC attempted only to extort money from him. *See Sanchez*, 392 F.3d at 438.

Because Fierro failed on the lower burden of proof for asylum, he necessarily fails on the higher burden of proof for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93. Likewise, Fierro cannot obtain relief under the CAT, because when a petitioner "has failed to establish a claim of asylum on the merits,

he necessarily fails to establish eligibility for . . . protection under CAT." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

In sum, based on our careful consideration of the parties' briefs and our review of the record, substantial evidence supports the IJ's finding that Fierro was not entitled to asylum or withholding of removal under the INA, or relief under the CAT.

**PETITION DENIED.**